JOSEPH MAST *v.* JOHN C. HAMILTON et al.

The Acts of 1852 and 1855 confer upon the Register of the State Land Office jurisdiction in cases only where conflicting claims arise between parties as to their rights to preëmption ; but where one of the parties claims a preëmption right, and the other sets up title to the land by virtue of a patent issued by the State, the District Court has original jurisdiction.

A party who has acquired a preëmption right to swamp land donated to the State by the General Government, may maintain a real action against one to whom a patent has been issued by the State, to annul such patent, when the party bringing the action shows that he has not been able to perfect his title by making payment, because the land had not been conveyed by the General Government to the State, after which time payment could alone be required of him.

When the preëmptor in such a case had complied with the provisions of the Act of 1855, by making application and proof of settlement within six months after the promulgation of the Act ; and before the lands selected, upon which he had settled, had been approved and returned to the Land Office of this State, a patent had been issued to another person, over the protest of the preëmptor—*Held :* That the patent issued was null and of no effect.

APPEAL from the District Court of the Parish of St. Martin, *Voorhies,* J. *E. Simon, Sr.,* and *E. Simon, Jr.,* for plaintiff. *Deblanc & Fuselier,* for defendants and appellants.

BUCHANAN, J. The plaintiff alleges that he has a right of preëmption, as an actual settler, under the laws of the State, to a fractional quarter section comprised in the swamp or overflowed lands granted to the State of Louisiana by Acts of Congress approved March 2d, 1849, and September 25th, 1850 ; and that he has taken the steps required by law to secure his right of preëmption, by making declaration under oath, and filing his application in the Land Office at Baton Rouge.

The petition further states, that defendant, in violation of plaintiff's rights, was permitted to purchase the same quarter section of land under certificate No. 1677 ; that said purchase is null and void for the reasons,—

1st. That it was in violation of the laws of the State granting a right of preëmption and preference to actual settlers on the overflowed lands, donated to the State by Congress.

2d. That plaintiff was an actual settler on said land, and had made the proof and application required by the State laws, prior to the sale to defendant.

3d. That the Register of the State Land Office at Baton Rouge did not notify plaintiff either by letter, or by the notice and advertisement in public papers to preëmptors, required by law, before selling the land.

4th. That the defendant, *Hamilton,* was a minor at the date of the sale to him of the land in question, and consequently, incapable of acquiring the same without the advice of a family meeting.

Defendant excepted to the action, 1st, for want of jurisdiction ; 2dly, that the petition discloses no legal cause of action.

It is argued upon the first of these exceptions, that the 3d section of the statute No. 248, of the Session Acts of 1852, and the first section of statute No. 37 of the Acts of 1853, confer upon the Register of the State Land Office the jurisdiction and decision of conflicting claims to preference rights in lands granted by Congress to the State ; the latter statute with right of appeal to the District Court; and that these statutes exclude original jurisdiction of the present action, in the District Court, in which it has been instituted.

The conflicting claims spoken of in the statutes referred to are claims to a right of preëmption of the public lands, set up by several individuals who pretend to have settled upon and cultivated the same land. But this is not a controversy of that kind. Only one of these parties asserts a right of preëmption. See case of ———, decided at Monroe this year.

On the second exception it is argued, that this action is not possessory, because it does not assert a disturbance of plaintiff's possession within a year ; and that it is not petitory, because it does not allege a title as owner in the plaintiff, to the *locus in quo.*

The prayer of the petition is, that the purchase of the land from the State Land Office, by defendant, under warrant No. 1677, may be declared null and void, and that plaintiff's right of preëmption be recognized, as superior to defendant's said purchase.

Granting that the form of this action does not bring it precisely within either of the real actions mentioned in the Code of Practice, we think that it is maintainable under the Acts of the Legislature giving a right of preëmption to actual settlers on public lands. The plaintiff, it is true, does not ask to be declared the owner of the land in question ; but the reason is, that he has not made payment to the State, which alone would give him a perfect title ; and he has not made payment, because the land has not yet been conveyed by the General Government to the State ; after which conveyance alone, payment is required of him by law.

The answer of defendants sets up title in themselves to the land.

The evidence shows, that defendant, *Hamilton,* on the 30th of April, 1855, purchased from the State, under warrant No. 1677, N. S., swamp lands, "subject to the approval of the Secretary of the Interior," the North half of the South-East fractional quarter of section 14 in township 8, South of range 6 East, in the South-Western Land District of Louisiana. A portion of this land had already been occupied, since the year 1852, by the plaintiff, whose application and proof of settlement have date the 2d of June, 1855, but were actually filed in the Land Office only on the 24th of September, 1857, although deposited among the papers of the office previous to the 1st of April of the year preceding. Plaintiff annexed to his application a protest against the issuance of a patent in favor of the purchaser, *J. C. Hamilton, Jr.*

The Register of the State Land Office testifies that the list of selections, including the land in controversy, has never, as yet, been approved or patented to the State, and that no notices could or did issue to the plaintiff, requiring him to make payment for his right of preëmption.

The Act of 15th of March, 1855, provides that settlers on the public lands " shall be entitled to make application therefor, and proof of settlement, at any time within six months of the promulgation of this Act, and to make payment therefor at any time within ninety days after the publication and notice hereinafter provided for, or within six months after the lands shall have been surveyed and returned to the State Land Office."

The plaintiff complied with this Act, by making application and proof of settlement within six months of its promulgation ; and he cannot yet be called upon to make payment, as the selection of this land has not yet been approved and returned to the Land Office ; neither have the publications and notices mentioned in the Act been made.

The defendant's title shows upon its face, that the land sold was not approved

or patented to the State; for it is there said that the "above purchase and sale are made subject to the approval of the Secretary of the Interior." Consequently, this land was covered by the Act of 15th of March, 1855, which was promulgated more than a month before the date of the purchase made by *Hamilton;* and therefore, was binding upon him in this instance.

Judgment affirmed, with costs.